STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MORRIS HOFFMAN, PLAINTIFF IN ERROR.

Submitted December 11, 1916—Decided March 5, 1917.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The defendant was convicted of receiving stolen goods and seeks to review by writ of error alone.

"The first point is, that the conviction rests alone upon the unconfirmed testimony of three boys who stole and sold brass auto lamps to defendant. It is not necessary to consider the legal effect of this because it is not raised by any exception. It goes to the legal effect of the testimony and there was no motion for direction or request to charge which raised this question. But if the record did raise the question, it has been disposed of contrary to the contention of plaintiff in error in *State* v. *Rachman*, 68 *N. J. L.* 120.

"The next point is, that the court charged the jury that 'every effort should be made to stamp out such practice.' This is an excerpt from that part of the charge which refers to the practice of buying goods that have been stolen from boys, but it was said 'without regard to the guilt or innocence of the defendant.' It was perhaps not happy, but that does not make it error.

"The third point is, refusal to charge that if the defendant did not know the brass was stolen, then he could not be convicted, and that the state must prove that the goods were stolen and that defendant knew or had reason to believe that they were. The court did charge this in explicit terms.

"The fourth point is the same as the second and refers to comments upon the evils of buying stolen goods.

"The last alleged error is refusal to charge 'that if defendant purchased the lamps which were smashed up and the defendant having no knowledge that they were stolen,' he must be acquitted. The court did charge all of this that defendant was entitled to have charged.

"The judgment will be affirmed."

For the defendant in error, *Jacob L. Newman*.

For the plaintiff in error, *Charles Hood*.

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

State v. Lehigh Valley R. R. Co.          *90 N. J. L.*

For affirmance—THE CHANCELLOR, GARRISON, TREN-CHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.   12.

For reversal—None.